SARANAC & L. P. R. CO. v. ARNOLD et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. ENTRIES ON STUB OF CHECK BOOK AS EVIDENCE.

Entries on the stub of a corporation's check book, showing certain moneys to have been drawn by defendants, who were officers of the corporation, where the entries also purport to show the purpose for which the funds were drawn, are not sufficient to charge defendant with the appropriation of such amounts, without evidence that the funds were not used for corporate purposes, as indicated on the stub.

2. LIABILITY OF DIRECTOR FOR CORPORATE FUNDS.

A director of a corporation is not responsible for misappropriation of corporate funds, unless it is shown that he has taken the money or has connived at the misappropriation.

3. OFFICERS SUED JOINTLY FOR CORPORATE FUNDS.

To charge two officers of a corporation sued jointly with misappropriation of corporate funds, it is not enough to show that one of them got the money, as his act does not bind the other.

4. IMPEACHING EVIDENCE—VOLUMINOUS DOCUMENT.

A voluminous document offered to show that a witness has theretofore made statements inconsistent with his testimony is properly excluded, when the party offering it refused to point out the statements inconsistent with the testimony of witness and which were material to the inquiry involved in the trial.

Appeal from trial term, New York county.

Action by the Saranac & Lake Placid Railroad Company against Charles E. Arnold and others. From a judgment in favor of defendants, plaintiff appealed. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Henry A. Forster, for appellant.
J. A. Straley, for respondent Voyer.
Thomas M. Rowlette, for respondent Arnold.

VAN BRUNT, P. J. This action was brought to recover from the defendants a large sum of money belonging to the plaintiff corporation, which it is alleged the defendants received and appropriated to their own use. The defendant Arnold was the president and the defendant Voyer was the treasurer of the plaintiff from the organization of the plaintiff, in June, 1893, to the 23d of March, 1896. They owned substantially all the stock of the corporation, and in March, 1896, they sold out the stock to other parties, and respectively resigned their offices. Arnold and Voyer seem to have managed the business of the company, and a bookkeeper was employed for the purpose of keeping the books, in regard to which Arnold in no way interfered, except in the single instance which will hereafter be referred to, and Voyer simply gave occasional directions as to the account in which certain entries were to be made. At the time of the transfer of the stock in question by Arnold and Voyer to the purchasing parties, the books of the corporation were inspected by the representatives of those parties, and a statement of the condition of the company was rendered. After an examination of these books and statement, the

purchase above referred to was made. In September, 1896, a demand was made upon the defendants for the sum of $23,321.69, claimed to be money received by the defendants, and not accounted for by them. Upon the trial of the case portions of the books of the corporation were introduced in evidence, and from the entries therein contained it was claimed that it had been established that the defendants had received certain moneys belonging to the corporation for which they had not accounted; and at the end of the case, the defendants having moved to dismiss the complaint, the plaintiff asked to go to the jury (1) on the facts of the case as they had been proved, and (2) substantially on the question as to whether the defendants had not converted to their own use the sum of $2,927.27, and also whether they had not converted to their own use an additional sum of $3,110 and a further sum of $7,900. The motion to submit these questions to the jury was denied, and the complaint was dismissed. A motion for a new trial was made and denied; and from the judgment entered upon the dismissal of the complaint, and from the order denying the motion for new trial, this appeal is taken. The basis upon which the charge of $7,900 is made against the defendants seems to be entries upon the stubs of the check book showing certain moneys to have been drawn by the defendants; and it is sought to charge the defendants with these amounts, in utter disregard of the additional entries made in the check book showing the purpose for which the money was drawn, and without any offer of evidence to show that the money was not appropriated to that purpose. In other words, the plaintiff claims the right to take that part of the entry which charges the defendants with the money, and to disregard that part which discharges the obligation. Now, it is a familiar principle governing evidence by admission that the whole of the admission must be taken together, and that you cannot take the part which is pleasing to you and reject that which may be inconvenient. The claim upon the part of the plaintiff in regard to these entries is precisely the same as though these defendants had rendered an account of these moneys, acknowledging their receipt on the one side, and claiming their disbursement on the other, and the plaintiff asserted the right to take the admission of receipt discharged from the accompanying allegation of disbursement. This has frequently been attempted, but has never yet succeeded.

It appears from the evidence that every dollar of the money which was received upon the discount of the notes out of which this claim arises was placed to the account of the plaintiff in the various banks where the notes were discounted; and there is not a particle of evidence that any part of that money has been appropriated by the defendants, except by showing that certain checks were drawn for certain purposes. Now, without evidence that the money was not devoted to the purpose for which it was drawn, there is certainly a defect of proof of conversion by the defendants. In respect to the item of $2,927.27, which is a balance claimed to have been shown by the cash account, it is to be observed that that cash account was not in evidence as against the defendant Arnold,

and consequently proved nothing as against him, and he clearly was not bound by the entries therein, because he knew nothing about them and did not exercise any control over the books. As to the defendant Voyer, even conceding (which is very doubtful) that these accounts could be received in evidence as against him, it does not appear that these books have been in any way balanced, or that upon their being completely written up there is any money missing which has been received by any of these parties; and it does not appear in regard to this item of $2,927.27 that the defendant Voyer has received a dollar. The account would remain in precisely the same condition if Mr. Arnold had taken the whole. We do not understand that each director is responsible for the application of the money which may come into the hands of the other. In order to hold a director, it is necessary to show that he is delinquent, that he is responsible for the deficiency, and that he has taken the money and put it in his own pocket, or has connived at such appropriation; and that is one of the difficulties running through the whole of this case. It is assumed, because certain isolated accounts show certain results, that therefore both of these defendants are liable, without its being shown in any way how, when, or where they appropriated any of this money to their own use. The same may be said in regard to the item of $3,110, in respect to the entries constituting which item Arnold is shown to have had knowledge. It is sought to take the side of the account charging defendants with this amount without taking the side of the account crediting them therewith. This, as we have already seen, cannot be done. If the accounts are to be impeached, they must necessarily be impeached by showing their falsity and the condition of each of these defendants with the delinquency. It is not sufficient to show that one or the other of them got the money. Mr. Arnold was not responsible for the wrongs of Voyer as against this corporation, if he committed any; neither was Mr. Voyer responsible for what Arnold did. It is true that they were officers of the corporation, and that the moneys of the corporation were under their control. But in an action of this nature, charging directors and officers of a corporation with fraudulent practices in office,—because, call it what you will, unless the proof establishes such a proposition, no recovery can be had,—the proof must establish the charge or a state of facts which is inconsistent with innocence. The difficulties which have arisen probably had their origin in the fact that the books were intended to be kept so that they would not show the nature of the business which this corporation was carrying on. Arnold and Voyer seem to have been the ones who alone were beneficially interested in the corporation; they treated it as belonging to themselves; they entered into enterprises which seem to have been beyond the powers of the corporation for which they were acting (in which respect, however, no question is raised here); the books were kept in such form that the nature of these transactions should not appear; and hence arises the difficulty of tracing them throughout the books.

The only exception which it is necessary to consider at length

is the exception to the refusal to admit in evidence the report of the railroad commissioners. We think, upon the facts disclosed by the record, that the court was entirely right in excluding that voluminous document. The report was offered in evidence, it was objected to, and the court inquired of the plaintiff's counsel what the record had to do with the question before the court, and the plaintiff's counsel replied: "It is an inconsistent statement with what the witness has said here on the witness stand." The defendants' counsel asked the court before that statement was taken to have the counsel point out any inconsistent statement in the report. The Court said: "I think he is entitled to that." Plaintiff's counsel: "The result of the report is to show an entirely different state of facts from what the defendants stated on the witness stand." Defendants' counsel asks to have the specific inconsistency pointed out. The Court: "I think you have that right." Plaintiff's counsel: "Your honor excludes it?" The Court: "Unless you point out how it is inconsistent." Thereupon the objection was sustained. These reports constituted a document covering 27 pages of the printed case. It seems to us that the court had the right, before admitting a paper of that kind in evidence, to require the counsel to point out the statements therein contained which were inconsistent with the testimony of the witnesses and which were material to the inquiry involved in the trial of the action.

Upon the whole case, we are of opinion that the judgment and order should be affirmed, with costs. All concur.